# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FIREBLOK IP HOLDINGS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00023-RWS-RSP |
| | § | |
| HILTI, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

FireBlok IP Holdings, LLC, sued Hilti, Inc., for patent infringement, claiming that Hilti's Firestop Box Insert ("Insert") infringed FireBlok's U.S. Patent No. 6,252,167. *See* Docket No. 1. Hilti countered that it was protected under a license between Intumescent Technologies, LLC, FireBlok's predecessor-in-interest, and RectorSeal, LLC, Hilti's purported sole supplier. Docket Nos. 29, 29-5. The license precludes Intumescent or its successors from suing RectorSeal or its intermediate vendors for sale of RectorSeal Products, defined as RectorSeal's Box Guard and Cover Guard products, whether under these trade names or other trade names. Docket No. 29 at 1–2. Hilti argues that RectorSeal is the sole supplier of the Insert, which is just RectorSeal's Box Guard under a different trade name. Therefore, Hilti says, the license covers sales of the Insert because Hilti is an intermediate vendor. FireBlok disputes that RectorSeal is Hilti's sole supplier and that RectorSeal's Box Guard is the same product as Hilti's Insert.

After conducting discovery on the issue, both parties moved for summary judgment on Hilti's license defense. Docket Nos. 50, 51. The Magistrate Judge heard the motions, Docket No. 68[1], and issued a Report and Recommendation that recommended granting Hilti's motion for

---

[1] The hearing and the resulting Report and Recommendation also dealt with other motions which are not at issue here.

summary judgment, Docket No. 69 ("R&R"). The Magistrate Judge found that there was no genuine dispute that Hilti's Insert was RectorSeal's Box Guard under a different trade name and that, as a result, sales of the Insert were protected under the license. *See generally id.* FireBlok objected, Docket No. 73, and Hilti filed a Response, Docket No. 74.

After *de novo* review, the Court **OVERRULES** FireBlok's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Hilti's Motion for Summary Judgement is **GRANTED**.

I. **LEGAL STANDARD**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must draw all reasonable inferences in favor of the non-moving party, mere conclusory allegations do not defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). When the movant demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-movant to show that there is a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

The movant "may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001). "[N]othing more is required than the filing of a summary judgment motion stating that the patentee had no evidence of infringement and pointing to the

specific ways in which accused systems did not meet the claim limitations." *Exigent Tech. Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1308–09 (Fed. Cir. 2006).

A patentee may not seek damages for another's use or sale of a licensed product. *DeForest Radio Tel. & Tel. Co. v. United States*, 273 U.S. 236, 241 (1927). A defendant must prove its license defense by a preponderance of the evidence. *See Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1576 (Fed. Cir. 1997). Once the defendant has met its burden, summary judgment is appropriate unless the patentee sets forth specific facts showing why the license should not apply. *Cyrix Corp. v. Intel Corp.*, 879 F. Supp. 666, 668 (E.D. Tex. 1995) (citing *Celotex*, 477 U.S. at 321–24).

## II. DISCUSSION

FireBlok argues that the R&R is flawed because: (1) new testing, conducted after the R&R, shows that the Box Guard and Insert products are different; (2) the R&R erroneously found that the accused products were the same as RectorSeal's Product; (3) RectorSeal's counsel stated that Hilti's product was not identical to the RectorSeal Product; (4) Hilti did not purchase all accused products from RectorSeal during the relevant period; and (5) Hilti's products are not licensed because they are not marked. *See* Docket No. 73. None of these arguments are persuasive.

### a. FireBlok's Testing Evidence Is Not Properly Before the Court and is Inapposite

FireBlok contends that chemical testing confirms that Hilti's and RectorSeal's products are different, attaching a Test Results Summary from Engineering Systems Inc. ("ESi") dated February 1, 2020. *See* Docket No. 73 at 5; Docket No. 73-1. FireBlok conducted this testing after discovery closed and after the Magistrate Judge issued his R&R. It was, therefore, not before the Magistrate Judge when he issued his R&R and did not factor into his decision.

The Court may, at its discretion, consider evidence newly presented after an R&R. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003); *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1990). In exercising such discretion, the Court considers: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted. *Performance Autoplex*, 322 F.3d at 862.

Here, FireBlok does not explain its late submission. There is no indication that FireBlok could not have arranged to conduct the tests earlier and submitted the results in a timely fashion. This alone is fatal. Moreover, the results do not affect the R&R's reasoning because the test is inapposite. ESi compared a 2017 Hilti product to three 2020 products—one from Hilti and two from RectorSeal. *See* Docket No. 73-1. While the results indicated slight differences between the 2017 product and the 2020 products, *see id.*, the correct comparison would have been between the 2017 Hilti product and a RectorSeal product from the same year. As it stands, the test shows only that the 2017 Hilti product differs slightly from its 2020 counterparts—not that Hilti did not obtain the 2017 product from RectorSeal or that the 2017 product was different from RectorSeal's product in 2017. FireBlok's argument on this point fails.

  b.  **Hilti Has Shown That the Accused Products Are the Same**

Next, FireBlok argues that the Magistrate Judge erred in finding that the accused product is the same as RectorSeal's product. Docket No. 73 at 6–7. FireBlok largely rehashes its original motion, focusing on two issues: (1) the two products have different certifications, and (2) emails by a RectorSeal employee in 2008, which state that RectorSeal would no longer manufacture the Inserts for Hilti, undermine the conclusion that the accused products were identical throughout the relevant period. *Id.* at 3 (citing Docket No. 50-1).

FireBlok's objections are unavailing. As the Magistrate Judge found, the differences FireBlok cites do not suggest that Hilti's and RectorSeal's products are different:

> The two products have identical sizes and specifications. Multiple declarations state, under penalty of perjury, that they are the same product. (*See, e.g.*, Docket No. 29-1 at 7.) The differences cited by FireBlok are completely consistent with the two inserts being the same product marketed by different companies.

*Id.* at 10. The Box Guard's extra certification does not create a genuine dispute of material fact. As Hilti's counsel explained, certification is a marketing decision, so the same product sold by different companies can have different certifications. The record contains substantial evidence that the products are the same, including the identical sizes and specifications of the products and the declarations stating that they are the same. Considering this evidence, no reasonable jury could find that the different certifications indicate that the products are different.

As to the 2008 RectorSeal email, the Magistrate Judge found that it did not raise a genuine issue of material fact because the evidence shows that it was a mistake and no reasonable jury could find otherwise. Docket No. 69 at 8. The typographical error in the R&R that FireBlok recites—indicating that Ms. Ackerman's February 2009 email was dated 2008, *see* Docket No. 73 at 7—does not alter the fact that the email was sent a few months after Ms. Schoenberg's email, as the Magistrate Judge stated. R&R at 8. The error, therefore, did not taint Magistrate Judge's conclusions. FireBlok challenges the Magistrate Judge's determination that "no reasonable juror could rely upon the 2008 e-mail to find that RectorSeal was not the source of the inserts" but does not explain why the underlying reasoning is wrong. *See* Docket No. 73 at 7.

Finally, FireBlok objects to the Magistrate Judge's selective quoting of Ms. Ackerman's 2009 email. *Id.* (comparing R&R at 8 ("[Hilti] are purchasing from us . . . electrical box inserts.") with Docket No. 51-5 at 16 ("[Hilti] are purchasing from us **one SKU of putty sticks and electrical**

*box inserts*." (emphasis original)). But contrary to FireBlok's assertion, the additional context does not create a genuine issue of material fact because it does not alter the sentence's meaning.

        **c.**        **Statements by RectorSeal's Counsel Do Not Create A Genuine Factual Dispute**

FireBlok also argues that RectorSeal's attorneys admitted that the two products are different. Docket No. 73 at 8–9. As with the previous argument, the R&R addressed this issue, and the Magistrate Judge concluded that the statements do not "raise a genuine issue as to whether RectorSeal's Box Guard is the same product as Hilti's Insert." R&R at 8–9. He found that, taken in context, the statements dealt with a different issue and seemingly addressed a hypothetical. *Id.* He concluded that the statements do not raise a genuine issue of material fact, "especially in light of the many sworn statements by persons with knowledge stating the opposite." *Id.* at 9. FireBlok objects, claiming that RectorSeal's counsel was familiar with the issues in this lawsuit and that the Magistrate Judge should not have weighed the evidence. Docket No. 73 at 8–9.

RectorSeal's counsel's comments do not raise a genuine dispute of material fact. FireBlok ignores that RectorSeal's counsel, in virtually the same breath, stated that "Hilti purchased its product from RectorSeal." Docket No. 36 at 26:5–6. In context, the statements indicate that the products may not be chemically identical, but that does not mean that they are differently sourced. The ESi test report confirms this fact. *See* Docket No. 73-1. No reasonable jury could find that there are meaningful differences between the products. Docket No. 73-1. RectorSeal's counsel's comments do not create a genuine factual dispute.

        **d.**        **FireBlok's Attorney Argument Does Not Create a Factual Dispute**

FireBlok next argues that, contrary to the R&R's finding, Hilti's evidence does not show that it purchased its entire supply of accused products from RectorSeal from 2013 to 2019. Docket No. 73 at 9–10. Hilti counters that "consistent, significant evidence that RectorSeal sourced all of the accused Inserts throughout the relevant period" exists. Docket No. 74 at 8.

Hilti produced a Terms and Conditions of Purchase contract between RectorSeal and Hilti in 2006 that covers all products Hilti purchases from RectorSeal, including the Insert. Docket No. 29-2. Hilti also produced documents reflecting purchases of the Insert from RectorSeal in 2016 and 2017. Docket Nos. 29-12, 29-13, 29-14, 29-15. Hilti supplemented its production, adding invoices dating back to mid-2012. Docket No. 29-19. Hilti also produced multiple documents from years before FireBlok contacted Hilti, where Hilti represented to third parties that RectorSeal manufactures the Insert. Docket Nos. 29-39, 51-1. Reviewing the evidence, the Magistrate Judge concluded that it "all suggests that RectorSeal provides Hilti with the Insert, which is the same product as the Box Guard, the product covered under the License." R&R at 7. FireBlok's rebuttal evidence did not create a question of fact. *Id.* at 7–11.

FireBlok's objections do not point to any evidence creating a factual dispute that the Magistrate Judge missed. Instead, FireBlock casts aspersions on the evidence in the record. It contends that the record does not show that Hilti purchased its entire supply of accused products from 2013 to 2019 from RectorSeal because: (1) Hilti failed to provide business records evidencing its purchases from RectorSeal; (2) Hilti's data does not correspond with RectorSeal's invoices; and (3) the 2006 Terms and Conditions of Purchase contract does not, on its face, cover the Insert. Docket No. 73 at 9–10. Each of these objections is misplaced; FireBlok cannot create a factual dispute by using attorney argument to question isolated pieces of evidence. *See Tinnus Enters. v. Telebrands Corp.*, Case No. 6:16-cv-33-RWS, 2017 WL 8727626, at *3 (E.D. Tex. Aug. 15, 2017), *report and recommendation adopted*, 2017 WL 8727625 (E.D. Tex. Sept. 14, 2017). FireBlok has not presented any evidence that the allegedly missing business records actually, or should, exist. Hilti's admission that "the quantity of Inserts Hilti purchased from RectorSeal are approximately the same as Hilti's sales to its customers," Docket No. 30-1 ¶ 13, is not damaging

to Hilti: in the absence of evidence that Hilti's sales to its customers were *greater than* the number of Inserts it purchased from RectorSeal, it does not show that Hilti sourced some Inserts elsewhere, nor could a reasonable jury find that it did based on the evidence in the record.[2] And the Terms and Conditions of Purchase were just one piece of evidence that, together with all the evidence in the record, demonstrated the absence of a factual issue for trial. *See* R&R at 6–7.

The evidence shows that Hilti purchased its entire supply of accused products from RectorSeal during the relevant time period, and FireBlok has not come forward with evidence showing a genuine factual dispute. *See Cyrix Corp.*, 879 F. Supp. at 668.

   **e.**  **The Marking Requirement Does Not Preclude Summary Judgment**

FireBlok also argues that Hilti "did not begin marking its products with FireBlok's patent number, as required by the License, until at least late 2017." Docket No. 73 at 11. In FireBlok's view, "the accused products cannot be a 'licensed' product no matter where Hilti obtained them" if they are not marked with the patent number.[3] *Id.* Hilti counters that the license requires RectorSeal to mark, not Hilti. Docket No. 74 at 10. Further, the marking requirement began after the effective date of the irrevocable license. *Id.* Thus, Hilti argues, the irrevocable license and the marking requirement are, under "black letter contract law," not conditioned upon one another. *Id.*

The Court agrees with Hilti. Georgia law governs the license and presumes that, when no clear interpretation exists, specified performances are merely promised and are not conditions of the existence or continuance of a legal duty. *McDuffie v. Criterian Cas. Co.*, 449 S.E.2d 133, 135

---

[2] Similarly, RectorSeal's invoices specifically identify the Firestop Box Insert—Hilti's accused product—so there is not, as FireBlok contends, any questions about "what exactly Hilti was purchasing from RectorSeal." *See* Docket No. 73 at 7.

[3] The RectorSeal-Intumescent license included the following marking provision: "RectorSeal will mark RectorSeal Products with a label which states 'U.S. Patent No. 6,252,167'. The labeling of RectorSeal Products set forth in this paragraph shall apply upon the exhaustion of inventory of labels and upon the reordering of labels for RectorSeal Products." Docket No. 29-5 at 3.

(Ga. Ct. App. 1994); *see also* 8 Corbin on Contracts § 30.14 (2018).  FireBlok does not provide a clear interpretation, nor does it point to any authority finding that a patent license requiring marking does not cover unmarked products.  Thus, even if RectorSeal did not mark the products that it supplied to Hilti, Hilti would still be protected under the RectorSeal-Intumescent license.

### f.    Full Summary Judgment is Appropriate

Finally, throughout its Objections, FireBlok argues that other issues exist in this case such that, even if adopted, "the R&R, at best, is properly limited to a recommendation for Partial Summary Judgment."  *See, e.g.*, Docket No. 73 at 11.  Hilti counters that "Hilti's motion and the Court's partial scheduling order both recognized that Hilti's Licensing Defense precludes FireBlok's entire case."  Docket No. 74 at 11 (citing Docket No. 16).  The Magistrate Judge concluded that Hilti's licensing defense disposed of the case.  This Court agrees.

All identified issues rise and fall with the license defense.  For example, FireBlok asserted a fraudulent misrepresentation claim, alleging that "Defendant misrepresented that it has been purchasing its Firestop Box Inserts from RectorSeal under the RectorSeal License."  Docket No. 1 at 9.  This claim cannot exist if Hilti purchased its Inserts from RectorSeal.

Hilti has shown the absence of a genuine dispute of material fact on its license defense, and FireBlok has not rebutted that showing.  FED. R. CIV. P. 56(a); *see also Cyrix Corp.*, 879 F. Supp. at 668.  Summary judgment is appropriate.

### III. CONCLUSION

For the reasons set forth herein, the Court **OVERRULES** FireBlok's Objections (Docket No. 73) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 69). Hilti's Motion for Summary Judgement (Docket No. 51) is **GRANTED**. FireBlok's Motion for Summary Judgment (Docket No. 50) is **DENIED**. It is

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 27th day of February, 2020.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE